ON APPLICATION FOR WRIT OF CERTIORARI
| JOHNSON, J.,
would grant Defendant’s application for writ of certiorari.
Brent Lee (hereinafter “victim”) was shot to death on May 20, 1995 while standing with a large crowd in front of Club Paradise in St. James Parish, Louisiana. He was struck by a stray bullet during a shoot out between Macon Clark (hereinafter “Clark”) and Todd Benn (hereinafter “Defendant”). Defendant and Clark were shooting at each other simultaneously when the victim was killed. Witnesses to the shooting stated that Clark was firing two guns and Defendant was firing one gun.
Clark was charged with Illegal discharge of a Weapon pursuant to La.Rev. Stat.Ann. § 14:94 (West Supp.1999) and sentenced to six months in prison. Defendant was charged with and subsequently convicted of Second Degree Murder. The trial court sentenced Defendant to life imprisonment without benefit of parole, probation, or suspension of sentence. On appeal, the Fifth Circuit affirmed Defendant’s conviction and sentence. See, State v. Benn, 98-395 (La.Ct.App. 5 Cir. 12/16/98), 735 So.2d 143. Defendant applied to this court for writ of certiorari alleging that there was insufficient evidence to support the conviction for Second Degree Murder. The majority of this court feels Defendant’s argument is without merit and has accordingly denied the instant writ application. However, I agree with Defendant that his conviction was based on insufficient evidence.
|?In homicide cases, the State must prove beyond a reasonable doubt that the defendant’s criminal agency caused the victim’s death. Reasonable doubt is doubt that would give rise to a grave uncertainty, raised in one’s mind by reason of the unsatisfactory character of the evidence presented at trial. See, State v. Wilson, 93-617 (La.Ct.App. 5 Cir. 1/25/94), 631 So.2d *630 1213, 1217. To support the theory that Defendant killed the victim, the prosecution offered receipts to show that Defendant owned the same type of pistol that was used to kill Defendant. Additionally, the police recovered shell casings from Defendant’s car that were of the same type recovered from the victim’s body. When a conviction is based on circumstantial evidence, that evidence must exclude every reasonable hypothesis of innocence. La.Rev.Stat.Ann. § 15:438 (West 1992). In the instant case, neither Clark’s nor Defendant’s guns were ever recovered. The record contains no evidence as to what types of guns Clark was firing. Given the fact that Clark and Defendant were firing at one another simultaneously, it is equally plausible that Clark’s gun killed the victim. The likelihood that Clark could have been victim’s killer is increased by the fact that Clark was firing two guns while Defendant was only firing one. The State offered no evidence to eliminate the possibility that Clark was the shooter. The evidence in support of this conviction has not excluded the reasonable possibility that Clark, and not Defendant, actually killed the victim. Therefore I would grant Defendant’s writ application and remand the case for a new trial.